IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MARIO ORPINEDA**,

        Plaintiff,

vs.                                         **CIVIL NO. 05-850 MV/DJS**

**OTERO COUNTY DETENTION CENTER, et al.**,

        Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This matter is a *pro se*, *in forma pauperis* civil rights action brought by a prisoner pursuant to 42 U.S.C. §1983. As the basis for this action, Plaintiff alleges that he was subjected to cruel and unusual punishment and denied medical care while being held in the Otero County Detention Center. Specifically, Plaintiff states that in August, 2003 he was given an insulin overdose. Plaintiff contends that the overdose of insulin made him sick and caused Defendants to have him transferred to a jail in Texas to hide the incident from the public..

2. Defendants filed a motion to dismiss (Docket No. 10) pursuant to Fed.R.Civ.P. 56 in which they assert that they are entitled to judgment as a matter of law. Nearly three months after Defendants

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

filed their motion for summary judgment, Plaintiff filed a document (Docket No. 14) characterized by the Court as a supplement to the complaint, in that it expanded his narrative regarding the events leading to his suit. Defendants filed a motion to strike that pleading as untimely (Docket No. 15).

3. The standard courts use to determine whether a prisoner's Eighth Amendment rights have been violated is "deliberate indifference". See Wilson v. Seiter, 501 U.S. 294, 297 (1994). This standard applies in non-emergency situations involving prisoners or when the state's responsibility to the prisoner does not clash with other equally important governmental responsibilities. See Whitley v. Albers, 475 U.S. 312, 320 (1986). One of the core concerns of the Eighth Amendment is inmate access to necessary medical care. See Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir. 1980), cert. den., 450 U.S. 1041 (1981). In a §1983 action for damages, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." Id. at 574-575. A deliberate indifference to serious medical needs may be "manifested...[by] denying or delaying access to medical care....". Estelle v. Gamble, 429 U.S. 97, 104 (1976).

4. There are two parts to the Estelle standard. First, the prisoner must produce objective evidence that the medical need in question was in fact "serious." Second, the prisoner must produce subjective evidence of the prison official's culpable state of mind--that he was deliberately indifferent to the prisoner's medical needs. Id. at 106. "Deliberate indifference" in the Eighth Amendment context requires that the prison official "know[s] of and disregard[s] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

5. Defendants do not deny that Plaintiff was given an overdose of insulin. They produced affidavits which establish that Plaintiff suffers from diabetes. In addition, Defendants produced the affidavit of Val Curry, a Licensed Practical Nurse who worked at the Otero County Detention Center, and Curry's notes regarding Plaintiff's treatment. Those exhibits indicated that Plaintiff initially refused to have his blood sugar levels tested or to take insulin. Eventually, as Plaintiff suffered symptoms from diabetes, he consented to having his blood sugar tested. Plaintiff was then seen by a physician and placed on insulin, which was administered twice a day. On one occasion, on August 8, 2003, Officer Travis Owens administered Plaintiff's insulin. Defendants submitted an affidavit by Owens stating that he unintentionally doubled Plaintiff's insulin dosage due to unfamiliarity with a new type of syringe being used at the facility. Notes by Val Curry indicate that a doctor was informed of the overdose of insulin and that Plaintiff's condition was monitored following the injection. Plaintiff contradicts Defendants' assertion that he suffered no ill effects from the error and contends that he was sweaty, shaking, had vision problems and was cold following the overdose. Plaintiff also states "They treated me good for a while".

6. The facts as related in the complaint and the uncontested facts supplied by Defendants do not exhibit a deliberate indifference to Plaintiff's serious medical needs. Plaintiff does not dispute that he regularly refused care for his diabetes and, more importantly, does not contradict Defendants' characterization of the event as a single, inadvertent error. Further, Plaintiff has made no claim of lasting harm from his insulin overdose. Consequently, he cannot show a violation of his Eighth Amendment rights based upon that event.

7. With respect to Plaintiff's claim of retaliation, the Tenth Circuit Court of Appeals held that prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his

constitutional rights. Smith v. Maschner, 899 F.2d 940, 947 (10th Cir.1990). "This principle applies even where the action taken in retaliation would be otherwise permissible." Id. at 948. However, an inmate is not inoculated from the normal conditions of confinement experienced by convicted felons serving time in prison merely because he has engaged in protected activity. Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998). Accordingly, Plaintiff must prove that "but for" the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place. Id.. Further, he must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 n. 1 (10th Cir.1990). Plaintiff's complaint does not include any facts showing retaliation but merely concludes that retaliation was the cause for his transfer even though it was made before his filing of this action and did not interfere with that event.

**RECOMMENDED DISPOSITION**

That Defendant's Motion for Summary Judgment be granted and this action dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**